

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GDA:DAS/JPN
F.#2008R00006

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 25, 2009

**BY HAND & ECF**
The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Tzolov & Butler
          Criminal Docket No. 08-370 (JBW)

Dear Judge Weinstein:

      The government writes to address the issue of various Rule 17(c) trial subpoenas issued by the defendants, which, in short, do not meet the requisite standard.  The government has learned that these subpoenas were issued to at least the following entities: Compania Panamena De Aviacion ("COPA") and PCS Administration ("Potash"), (collectively "the Victims"), Credit Suisse Securities (USA) LLC ("Credit Suisse") and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch").  For the reasons cited below, the Court should either require additional information from the defendants necessary to meet the Rule 17 standard, or alternatively quash these subpoenas.

I.   Factual Background

    A.   The Defendants' Fraud

        As set forth in the Superseding Indictment in this matter, the defendants, while employed at Credit Suisse, fraudulently sold securities to the Victims by falsely claiming that the securities were collateralized by student loans, when in fact the securities were collateralized by non-student loan assets, including sub-prime mortgages.  As a result of the defendants' fraud, the Victims have lost hundreds of millions of dollars.

        Pursuant to its obligations, the government has provided voluminous discovery to the defendants, including an electronic database containing all emails sent or received by the defendants using the Credit Suisse email system during their period of employment at Credit Suisse.  These emails include false trade confirmations sent by or at the direction of the defendants, in which the names of the securities were altered so that they would appear to be securities collateralized by student loans, when in fact they were not.

    B.   The Subpoenas

        The subpoenas at issue are tantamount to a Federal Rule of Civil Procedure 34 request for production, and do not call for any of the recipients to designate an individual to appear for testimony at trial.  Rather, the subpoenas call for the production of certain documents.  Specifically, the subpoenas to the Victims seek, among other documents, emails and written communications by the Victims regarding their investments with Credit Suisse, as well as emails by certain identified individuals employed by the Victims during the course of the fraud.  Similarly, the subpoenas to Credit Suisse seek, among other documents, all emails and written communications by various Credit Suisse employees concerning a broad range of activities at Credit Suisse.  Finally, the subpoena to Merrill Lynch seeks, among other documents, all email and written communications concerning various aspects of auction rate securities and various communications from JP Morgan to Credit Suisse.  As set forth below, the requests in these subpoenas are outside the scope of Rule 17(c), and should be quashed.

II.   Argument

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas for the production of documentary evidence at trial and provides, in relevant part:

> A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed.R.Crim.P. 17(c). The decision whether to grant a motion to quash is "committed to the sound discretion of the trial court." United States v. Nixon, 418 U.S. 683, 702 (1974) (permitting special prosecutor to subpoena Nixon tapes).

"Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery found in Fed. R. Crim. P. 16." United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980); see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1991) ("Rule 17(c) was not intended to provide an additional means of discovery"); United States v. Murray, 297 F.2d 812, 821 (2d Cir. 1962) (same); United States v. Fowler, 932 F.2d 306, 311 (4th Cir. 1991) ("Rule 17(c), which governs the issuance of subpoenas duces tecum, is not a discovery device"); United States v. Gel Spice Co., 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985) ("purpose of rule 17(c) is not to facilitate discovery but, rather, to enable one to obtain and inspect evidentiary material prior to trial"). As the Supreme Court explained in Bowman: "It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." 341 U.S. at 220.

Because Rule 17 is not intended to be a discovery device, there are strict limitations on a party's ability to seek documents pursuant to Rule 17(c). The party seeking documents through subpoenas issued pursuant to this rule has the burden of demonstrating:

(1) that the documents are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance

3

> of trial and that the failure to obtain such
> inspection may tend unreasonably to delay the
> trial; and
>
> (4) that the application is made in good faith and is
> not intended as a general "fishing expedition."

Nixon, 418 U.S. at 699-700 (emphasis added).

The requirement that subpoenaed materials be "evidentiary" means that a subpoena may only seek production of specifically identified items that are each "admissible as evidence." Bowman, 341 U.S. at 221. It is not enough that the documents sought be potentially relevant and admissible. Rather, they must meet the test of relevancy and admissibility at the time they are sought. See United States v. Marchisio, 344 F.2d 653, 669 (2d Cir. 1965); see also United States v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995). "[C]onclusory statements that the documents may be relevant and admissible," are "insufficient" to overcome the Nixon requirement that the moving party show that the materials sought are relevant, admissible and specifically identified. United States v. Burger, 773 F. Supp. 1419, 1425 (D. Kan. 1991) (citing United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981)).

Moreover, it is well-settled that Rule 17(c) cannot be used as a device to obtain "production of materials whose evidentiary use is limited to impeachment." Cherry, 876 F. Supp. at 553; see also, e.g., United States v. Khan, 2009 WL 152582, at * 6 (E.D.N.Y. January 20, 2009); United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981); Cuthbertson, 630 F.2d at 145-46; United States v. Jasper, 2003 WL 1107526, at *2 (S.D.N.Y. Mar. 13, 2003) (quoting Cherry); United States v. Giampa, 1992 WL 296440, at *2-*3 (S.D.N.Y. Oct. 2, 1992)). Even where the materials that are the subject of a subpoena "may be undoubtedly used to impeach witnesses who testify at trial, admissibility for that narrow purpose does not qualify them as evidentiary under Rule 17(c)." Cherry, 876 F. Supp. at 553 (quashing subpoena for police reports). Nor is a Rule 17(c) subpoena justified "based solely upon the mere hope that some exculpatory material might turn up." Cuthbertson, 630 F.2d at 145-46.

Here, the requests at issue constitute a "fishing expedition" for impeachment material. To the extent that emails sent or received by the defendants are discoverable under Rule 16, they have already been provided to the defendants, as noted above. None of the additional items sought by the subpoenas are "evidentiary" as required by the Supreme Court. Rather, the document requests at issue seek impeachment material in the form of emails or other written documents created by potential

4

government trial witnesses.  These types of materials are precisely the types of documents which courts have repeatedly held are not subject to a Rule 17(c) subpoena.

For the reasons stated above, the government respectfully submits that the subpoena requests described above should be quashed.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By: <u>/s/ Daniel Spector</u>
    Daniel A. Spector
    Greg D. Andres
    John P. Nowak
    Assistant U.S. Attorneys

cc: Clerk of the Court (JBW)
    Mary Gail Gearns, Esq. (attorney for Credit Suisse)
    Andrew Weissman, Esq. (attorney for Potash)
    Christian Hansen, Esq. (attorney for COPA)
    Chris Gunther, Esq. (attorney for Merrill Lynch)