VIA ELECTRONIC FILING

# MAYER•BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

July 17, 2009

**Sean P. Casey**
Direct Tel +1 212 506 2629
Direct Fax + 1212 849 5629
scasey@mayerbrown.com

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *United States of America v. Julian Tzolov*
        CR-08-370 (JBW)

Dear Judge Weinstein:

    We represent Dimitre Ivanov, a non-defendant surety, in the above captioned case. We have been informed by the government that the defendant Julian Tzolov is currently in custody. We respectfully request that the Court set aside or remit Dimitre Ivanov's obligations under the defendant's bail bond pursuant to Federal Rule of Criminal Procedure 46(f). As explained briefly below, "justice does not require bail forfeiture" as to Mr. Ivanov. The government is considering whether it will consent to our request. In the alternative, should the Court desire further briefing on this issue, we request a one week adjournment of the proceedings. The government consents to our adjournment request.

**Dimitre Ivanov**

    Dimitre Ivanov is one of two sureties named on the bail bond for the defendant Julian Tzolov. In this matter, the Court must decide whether "justice requires" the forfeiture of everything from Mr. Ivanov, a man who has done nothing but create a good life filled with hard work and study, contributions to society and obedience to the law. Mr. Ivanov has had zero involvement with the underlying criminal matter that is currently pending before the Court.

    Mr. Ivanov is an immigrant to this country. He moved here as a young man from Bulgaria with a plan to build something better for his family and himself. Starting with nothing, he worked minimum wage jobs, earned a graduate degree, and built a spotless career in the financial industry. Mr. Ivanov earned his United States citizenship. He is engaged to be married and is expecting his first child in 2010. His ultimate goal is to save enough money to move his parents over from Bulgaria and have three generations of his family united in this country. The execution of Mr. Ivanov's commendable plan was progressing flawlessly until he made one mistake. He helped a man that he once believed to be his friend. That single misstep has

endangered the future of Mr. Ivanov and crushed the hope of his entire family to thrive in better place.

**Extraordinary Efforts**

Consistent with his obligations to protect his family and do the right thing for his adopted country, Mr. Ivanov worked closely with the government to search for information concerning the location of Mr. Tzolov as he ran from justice. Those efforts include:

(1) reporting the defendant missing shortly after discovering that he escaped from house arrest;

(2) participating in eight meetings and telephone conferences with the FBI;

(3) offering a reward for information leading to the arrest of the defendant;

(4) placing approximately fifty monitored calls to locate any information that might lead to the defendant's arrest; and

(5) communicating with contacts in Bulgarian law enforcement and INTERPOL urging them to focus on the defendant's capture.

**Request**

By trusting the defendant and serving as a surety on his bail bond, Mr. Ivanov took a risk he never fully appreciated and now finds himself at the mercy of the Court and its discretion. The Court enjoys great latitude in this matter. *U.S. v. Egan*, 394 F.2d 262, 267 (2d Cir. 1968) ("[d]iscretion is vested in the district court with regard to forfeitures of bail bonds"); *U.S. v. Carvajal*, 674 F. Supp. 973, 974 (E.D.N.Y. 1987) (Federal Rule of Criminal Procedure 46(e) confers broad discretion on this Court to "remit in whole or in part" an order of forfeiture if it "appears that justice does not require the forfeiture."). The Court may find that "justice does not require bail forfeiture" as to Mr. Ivanov, and it may set aside his obligations under the defendant's bail bond. By doing so, the Court will rescue the life that has been put in jeopardy by the defendant's desperate actions. We implore the Court to exercise its discretion and set aside Mr. Ivanov's obligations under the bond.

As stated above, we intend to provide further briefing on Mr. Ivanov's life, his efforts to assist the government, and the legal basis for our request should the Court think it necessary. Thank you for your consideration of this matter.

Respectfully submitted,

Sean P. Casey
Mayer Brown LLP

cc: Assistant United States Attorney Daniel Spector